UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIGUEL VEGA, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

BANANA KELLY COMMUNITY IMPROVEMENT ASSOCIATION, INC., BK BRYANT AVENUE HOUSING DEVELOPMENT FUND COMPANY, INC., 331 EAST 146TH STREET HOUSING DEVELOPMENT FUND CORPORATION, DOUGERT MANAGEMENT CORP., HOPE BURGESS, EMILY DOE, and JOHN/JANE DOES 1–10,

Defendants.

Case No.:

**COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff MIGUEL VEGA, by and through counsel, alleges upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, as follows:

## 1. NATURE OF THE ACTION

1. This is an action to recover unpaid wages, including unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and unpaid minimum wages, unpaid overtime compensation, statutory wage-statement damages, liquidated damages, prejudgment interest, attorneys' fees, costs, and such other relief as the law permits under the New York Labor Law, including Articles 6 and 19 and the implementing regulations ("NYLL").

2. Plaintiff brings this action individually and on behalf of similarly situated employees under 29 U.S.C. § 216(b), and on behalf of a Rule 23 class under the NYLL.

3. In general, Defendants employed Plaintiff and other non-exempt building-service workers, including porters, cleaners, handymen, maintenance workers, and similar employees, at Bronx residential buildings.

4. In general, Defendants maintained common unlawful pay practices, including paying a flat weekly wage regardless of hours worked, failing to pay lawful overtime compensation for hours worked over forty in a workweek, failing to pay all hours worked at or above the applicable minimum wage under New York law, maintaining inaccurate time records, and failing to furnish accurate wage statements.

## 2. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the FLSA claims under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over the NYLL claims under 28 U.S.C. § 1367 because those claims form part of the same case or controversy.

7. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants reside in, are found in, have offices in, transact business in, and/or employed Plaintiff in this District, and a substantial part of the events giving rise to the claims occurred in this District.

## 3. PARTIES

8. Plaintiff MIGUEL VEGA is an adult individual who worked for Defendants in Bronx County, New York.

9. Plaintiff worked for Defendants from approximately March 13, 2006 through April 4, 2025.

10. Defendant BANANA KELLY COMMUNITY IMPROVEMENT ASSOCIATION, INC. ("Banana Kelly") is a domestic not-for-profit corporation with its principal office at 863 Prospect Avenue, Bronx, New York 10459. Upon information and belief, Banana Kelly owned, operated, managed, controlled, and/or administered residential buildings and building-service operations in the Bronx, New York, including the operations in which Plaintiff worked.

11. Upon information and belief, Banana Kelly publicly uses the email address info@bkcianyc.org and phone number (718) 328-1064, publicly identifies Hope Burgess as its President and CEO, and publicly states that it owns and/or manages more than 65 rental buildings in the Bronx.

12. Defendant BK BRYANT AVENUE HOUSING DEVELOPMENT FUND COMPANY, INC. is, upon information and belief, a New York housing entity that owned, operated, leased, managed, administered, and/or controlled one or more of the buildings where Plaintiff worked, including 1111 Westchester Avenue and 923 Avenue St. Johns, Bronx, New York.

13. Defendant 331 EAST 146TH STREET HOUSING DEVELOPMENT FUND CORPORATION is, upon information and belief, a New York housing entity that owned, operated, leased, managed, administered, and/or controlled one or more of the buildings where Plaintiff worked, including 1111 Hoe Avenue and 931 Avenue St. Johns, Bronx, New York.

14. Defendant DOUGERT MANAGEMENT CORP. is, upon information and belief, a New York business entity that acted as a management company, managing agent, billing agent, and/or operating agent for one or more of the buildings where Plaintiff worked and participated in the administration, maintenance, supervision, staffing, payroll, timekeeping, and/or labor operations for those properties.

15. Defendant HOPE BURGESS is, upon information and belief, an owner, officer, director, principal, and/or managing agent of Banana Kelly and/or one or more related housing entities who exercised operational, policy, and/or compensation control, directly or indirectly, over Defendants' building-service operations.

16. Defendant EMILY DOE is an individual whose full name is presently unknown, who worked in management, ran and supervised the superintendents, supervised Plaintiff's work, and terminated Plaintiff on or about April 4, 2025.

17. Defendants JOHN/JANE DOES 1–10 are additional owners, officers, supervisors, managers, agents, and/or entities who exercised control over Plaintiff's employment and whose identities are not yet fully known.

18. At all relevant times, Defendants acted directly or indirectly in the interest of one another in relation to Plaintiff.

19. At all relevant times, the Corporate Defendants were Plaintiff's employers and/or joint employers within the meaning of the FLSA and NYLL.

20. Upon information and belief, the Corporate Defendants had related business purposes, interrelated operations, overlapping ownership and/or control, coordinated property-management functions, centralized control over maintenance and building-service labor, and shared or coordinated responsibility for staffing, scheduling, timekeeping, payroll, and supervision.

21. At all relevant times, one or more of the Individual Defendants and Doe Defendants, directly or through delegated authority, supervised and controlled work schedules and conditions of employment, assigned work, transmitted work orders, directed timekeeping, determined rates and methods of pay, and maintained or failed to maintain payroll records.

**4. <u>FLSA COVERAGE</u>**

22. At all relevant times, Defendants were employers engaged in commerce and/or in the production of goods for commerce within the meaning of the FLSA.

23. Upon information and belief, Defendants jointly owned, operated, managed, leased, maintained, and/or administered Bronx residential buildings and related property-management operations for a business purpose.

24. Upon information and belief, Banana Kelly's commercial activities included, among other things, management fees and rental income arising from residential property ownership and management.

25. Upon information and belief, Defendants' annual gross volume of sales made or business done for those commercial activities exceeded $500,000.

26. Upon information and belief, Defendants employed at least two or more employees who handled, sold, or otherwise worked on goods or materials that had moved in interstate commerce.

27. In performing his job, Plaintiff handled tools, paint, sheetrock, plumbing materials, electrical materials, cleaning supplies, garbage bags, and other goods or materials that had moved in interstate commerce.

28. Plaintiff also used telephones, electronic communications, and direct-deposit banking systems in the course of employment.

29. Alternatively and additionally, Plaintiff was individually covered by the FLSA.

## 5. FACTUAL ALLEGATIONS

30. Plaintiff worked out of Defendants' office at 863 Prospect Avenue, Bronx, New York 10459 and performed labor at multiple Bronx residential buildings, including 1111 Westchester Avenue, 1111 Hoe Avenue, 931 Avenue St. Johns, and 923 Avenue St. Johns.

31. Plaintiff performed non-exempt manual labor and building-service work, including sweeping, mopping, taking out garbage, repairing apartments, electrical work, plumbing work, placing sheetrock, painting, apartment turnover work, and other maintenance duties.

32. Plaintiff's work was not limited to custodial duties in a single building. Rather, Plaintiff performed maintenance, repair, turnover, garbage-removal, plumbing, electrical, sheetrock, painting, and related building-service work across multiple properties from Defendants' central office.

33. Plaintiff was paid approximately $550 per week.

34. Defendants paid Plaintiff the same weekly sum regardless of the number of hours he worked.

35. Defendants required Plaintiff to fill out and/or sign time sheets stating that he worked approximately 35 hours per week, even though he in fact worked substantially more.

36. Those time sheets materially understated Plaintiff's actual hours.

37. Plaintiff generally worked seven days per week and approximately nine to ten hours per day.

38. Plaintiff therefore regularly worked approximately sixty-three to seventy hours per week, and in all events regularly worked more than forty hours in a workweek.

39. Defendants did not provide Plaintiff with pay stubs or accurate wage statements.

40. Defendants failed to maintain accurate payroll records showing the dates and times of Plaintiff's work hours and shifts.

41. Defendants knew or should have known Plaintiff worked these hours because Plaintiff worked across multiple buildings, reported to management, received work orders, was visibly performing ongoing manual labor at the buildings, and was required to fill out and/or sign inaccurate time sheets reflecting only 35 hours per week.

42. Upon information and belief, Defendants' labor operations for the subject buildings were centralized among the named Corporate Defendants and their management agents. Plaintiff was assigned work across multiple buildings and performed porter, cleaning, garbage-removal, repair, and maintenance tasks for buildings associated with the named Defendants.

43. Defendants failed to pay Plaintiff lawful overtime compensation for hours worked over forty in a workweek.

44. In workweeks when Plaintiff worked approximately sixty-three to seventy hours, Defendants also failed to pay Plaintiff all hours worked at or above the applicable minimum wage under New York law.

45. Plaintiff's supervisors included Emily Doe and other managers acting on Defendants' behalf.

46. On or about April 4, 2025, Emily Doe terminated Plaintiff.

47. Defendants' failure to furnish Plaintiff with accurate wage notices and statements caused Plaintiff concrete harm apart from the statutory violations themselves.

48. Because Defendants did not furnish Plaintiff with accurate wage statements reflecting Plaintiff's actual hours worked, regular and overtime rates, gross wages, deductions, and net wages, and instead required Plaintiff to fill out and/or sign false time sheets reflecting only 35 hours per week, Plaintiff could not determine from his wage records the precise amount of hours Defendants omitted or the precise amount of wages unlawfully withheld.

49. Defendants' failure to furnish accurate wage statements concealed the extent of the underpayment, delayed Plaintiff's ability to detect and contest Defendants' unlawful pay practices, delayed Plaintiff's recovery of wages owed to him, and caused Plaintiff concrete monetary harm, including being deprived of wages for longer than he otherwise would have been and difficulty timely paying ordinary living expenses.

50. Defendants' violations were willful.

51. Defendants did not merely commit an isolated payroll error. Rather, they paid Plaintiff a weekly amount regardless of hours worked, required him to fill out and/or sign inaccurate time sheets reflecting approximately 35 hours of work per week, failed to provide accurate wage notices and statements, and continued these practices despite knowing Plaintiff was working across multiple buildings.

52. Defendants therefore knew, or recklessly disregarded, that Plaintiff was working more than forty hours in a workweek and was not being paid all wages due for all hours worked.

53. Before Plaintiff's employment ended, Banana Kelly had already been sued in this District in a wage-and-hour action brought by another porter and maintenance worker alleging unpaid overtime and wage-notice-related claims. While that matter settled, it further supports an inference that at least Banana Kelly was on notice of wage-and-hour compliance obligations.

## 6. FLSA COLLECTIVE ACTION ALLEGATIONS

54. Plaintiff brings this action under the FLSA as a collective action on behalf of himself and all similarly situated current and former non-exempt building-service workers employed by Defendants during the applicable limitations period.

55. These employees are similarly situated because, upon information and belief, Defendants subjected them to common pay, overtime, and recordkeeping practices, including flat weekly pay regardless of hours worked, failure to pay lawful overtime compensation, inaccurate timekeeping, and failure to furnish accurate wage statements.

56. Plaintiff and the collective members were victims of a common policy or plan that violated the FLSA.

57. Court-supervised notice is appropriate.

## 7. RULE 23 CLASS ACTION ALLEGATIONS

58. Plaintiff brings his NYLL claims as a class action under Rule 23 on behalf of all current and former non-exempt building-service workers employed by Defendants in New York during the applicable NYLL limitations period.

59. The members of the proposed class are so numerous that joinder is impracticable.

60. There are questions of law and fact common to the class, including whether Defendants maintained common pay and timekeeping policies that failed to pay minimum wages, overtime compensation, and accurate wage statements.

61. Plaintiff's claims are typical of the claims of the class.

62. Plaintiff will fairly and adequately protect the interests of the class.

63. A class action is superior to other methods of adjudication.

## 8. CAUSES OF ACTION

### 8.1. FLSA OVERTIME - 29 U.S.C. §§ 207, 216(b)

64. Plaintiff repeats and realleges the preceding paragraphs.

65. Plaintiff was a non-exempt employee under the FLSA.

66. Defendants failed to pay Plaintiff overtime compensation at one and one-half times his regular rate for hours worked over forty in a workweek.

67. Defendants' violations were willful.

68. As a result, Plaintiff and the FLSA collective are entitled to unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and all other available relief.

### 8.2. NYLL UNPAID MINIMUM WAGES AND OVERTIME - N.Y. LAB. LAW §§ 190 ET SEQ., 650 ET SEQ.; 12 N.Y.C.R.R. PART 141

69. Plaintiff repeats and realleges the preceding paragraphs.

70. Plaintiff was a non-exempt employee under the NYLL.

71. Defendants failed to pay Plaintiff all minimum wages required by the NYLL.

72. Defendants failed to pay Plaintiff overtime compensation at one and one-half times his regular rate for hours worked over forty in a workweek.

73. As a result, Plaintiff and the Rule 23 class are entitled to unpaid wages, unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other available relief.

**8.3. <u>NYLL WAGE STATEMENT VIOLATIONS - N.Y. LAB. LAW §§ 195(3), 198(1-d)</u>**

74. Plaintiff repeats and realleges each and every preceding paragraph as if fully set forth herein.

75. At all relevant times, Defendants were employers within the meaning of the NYLL.

76. NYLL § 195(3) required Defendants to furnish Plaintiff with an accurate wage statement with every payment of wages.

77. Defendants failed to furnish Plaintiff with accurate wage statements as required by NYLL § 195(3).

78. In particular, Defendants did not provide Plaintiff with pay stubs and/or wage statements with his wage payments, and the records Defendants required Plaintiff to complete materially understated his hours worked.

79. As a result, Plaintiff could not determine from his wage records the actual hours Defendants were crediting him with, the rates of pay Defendants were applying, or the precise amount of wages unlawfully withheld. This concealed the underpayment, delayed Plaintiff's ability to contest it and obtain timely payment, and caused Plaintiff concrete monetary harm.

80. Plaintiff is therefore entitled to statutory damages under NYLL § 198(1-d), together with attorneys' fees, costs, and such other relief as the Court deems just and proper.

**8.4. <u>NYLL WAGE NOTICE VIOLATIONS - N.Y. LAB. LAW §§ 195(1), 198(1-b)</u>**

81. Plaintiff repeats and realleges each and every preceding paragraph as if fully set forth herein.

82. At all relevant times, Defendants were employers within the meaning of the NYLL.

83. NYLL § 195(1) required Defendants, within ten business days of Plaintiff's first day of employment, to furnish Plaintiff with a written notice in English and in his primary language, if available from the Commissioner, containing, among other things, Plaintiff's rate or rates of pay, the

basis thereof, any allowances claimed as part of the minimum wage, the regular payday, and the employer's name, address, and telephone number. For employees eligible for overtime, the notice also had to state the regular hourly rate and overtime rate of pay.

84. Defendants failed to furnish Plaintiff with the required wage notice.

85. As a result of Defendants' failure to furnish an accurate wage notice, Plaintiff lacked the information necessary to understand the basis on which Defendants claimed they were paying him, including the rate or rates of pay and whether Defendants claimed to be paying him lawfully for all hours worked.

86. Had Defendants furnished Plaintiff with an accurate wage notice, Plaintiff would have been able to recognize sooner that Defendants were paying him a flat weekly amount regardless of the number of hours he worked and would have been able to detect and challenge the underpayment sooner and seek full payment sooner.

87. Defendants' failure to furnish the required wage notice therefore delayed Plaintiff's ability to detect and contest Defendants' unlawful pay practices, delayed Plaintiff's recovery of wages owed to him, and caused Plaintiff concrete monetary harm, including being deprived of wages for longer than he otherwise would have been.

88. Plaintiff is therefore entitled to statutory damages under NYLL § 198(1-b), together with attorneys' fees, costs, and such other relief as the Court deems just and proper.

## 9. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

A. Certifying this matter as an FLSA collective action and authorizing notice;

B. Certifying this matter as a Rule 23 class action on the NYLL claims;

C. Awarding unpaid overtime compensation under the FLSA;

D. Awarding unpaid minimum wages and unpaid overtime compensation under the NYLL;

E. Awarding liquidated damages;

F. Awarding statutory damages for wage-notice violations;

G. Awarding statutory damages for wage-statement violations;

H. Awarding prejudgment and post-judgment interest as permitted by law;

I. Awarding attorneys' fees and costs; and

J. Awarding such other and further relief as the Court deems just and proper.

**10. JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: March 30, 2026
Astoria, New York

Respectfully submitted,

*/s/ Clifford Tucker*

Clifford Tucker, Esq.
Sacco & Fillas LLP
31-19 Newtown Ave., 7th Floor
Astoria, New York 11102
Phone: 718-269-2243
CTucker@SaccoFillas.com